FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) Demetrious Adonis Moore   16135-171
(Name of Plaintiff)        (Inmate Number)
Federal Correctional Institution
Allenwood Medium
P.O Box 2000
(Address)   White Deer, PA 17887

(2) _____
(Name of Plaintiff)        (Inmate Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

(1) UNITED STATES OF AMERICA

(2) Case Manager Andrews

(3) Unit Manager Gardea
(Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

4:20-CV-52
(Case Number)

CIVIL COMPLAINT

FILED
HARRISBURG, PA

JAN 13 2020

Per _____
Deputy Clerk

TO BE FILED UNDER: _____ 42 U.S.C. § 1983 - STATE OFFICIALS
                     _x_ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. PREVIOUS LAWSUITS

   A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   Demetrious Moore v. United States Of America

   Civil No. 4:18-CV-1141

   _____

   _____

1

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? XXX Yes ___ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? XXX Yes ___ No

C. If your answer to "B" is Yes:

   1. What steps did you take? __I completed the BP-8,9,10and 11__ __process__

   2. What was the result? __BP-11 was denied by the central office__

D. If your answer to "B" is No, explain why not: _____

## III. DEFENDANTS

(1) Name of first defendant: __United States of America__
   Employed as _____ at __USP ATWATER__
   Mailing address: _____

(2) Name of second defendant: __Case Manager Andrews__
   Employed as __Case Manager__ at __USP ATWATER__
   Mailing address: _____

(3) Name of third defendant: __Unit Manager Gardea__
   Employed as __Unit Manager__ at __USP ATWATER__
   Mailing address: _____

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. See AttachmentNo.1

2. See Attachment No. 1

3. See Attachment No.1

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. For the reasons out lined in Plaintiff's claims. Plaintiff asks this court award him compensation in the amount of 1,000,000.00 USD (one million United States Dollars). And punitive damages in the same amount, as to each defendant.

2. This denial of access to the courts deemed an extraordinary circumstance for 28 U.S.C §2241, §2255, §2244 and equitable tolling purposes.

3. Counsel appointed for any subsequent hearings and any other relief deemed by this honorable court to be appropriate.

3

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___9th___ day of ___January___, 20_20_.

_____
(Signature of Plaintiff)

## STATEMENT OF THE FACTS

    While incarcerated at USP Atwater, I was denied access to the courts. By Unit Manager Gardea, Case Manager Andrews, Counsolor Coggins (6A Unit Team). Because I had been resentenced in 2011 and a new PSI had benn prepared by the Probation Office As well as used to impose the sentence I was serving. I should have had two PSI's in my Central File. Being the first prepared in 2008 and the later in 2011.

    After the denial of my direct apeal. I had one year to file a §2255 motion to vacate, set aside a sentence. During this time I wrote a request to staff to Counsolor Coggins requesting to review my 2011 PSI. As well as Case Manager Andrews. Requestin Requesting each to allow me to review the 2011 for the preperatio preperation of my §2255. I was told by Case Manager Andrews that he only had the 2008 PSI on hard copy in my file for review. But informed me that he saw on his computer that there was a 2011 PSI But that he can only show me what is in my file. I sent a request to staff to Unit Manger Gardea requesting to review and make notes from my 2011 PSI. But never recieved a responce beyond. "Get with your unit team"

    Because the PSI is the only document in my file that contains information I at the time was unaware of. With out, I was unable to raise claims agianst the incorrect calculation of the sentencing guidelines. As well as an ineffective assistance of counsel for counsels failure to object to the §3D1.2 grouping enhancement. By being denial access to this information I was unable to raise this argueable claims in my timely filed §2255 motion.

    After being transfered from USP Atwater, I eventually ended up in USP Allenwood. Where I agian requested unit team to review the 2011 PSI. I was agian told that there was only a 2008 version in my file. I then made a request to staff to the Unit Manager. Who upon notice made contact with my sentenceing District and obtained a copy of the 2011 PSI and made it available to Plaintiff.

Attachment #1 p.g 2

## LEGAL STANDARD

-A claim for deprivation of the right of access to the courts must allege both the underlying cause of action whether that action is merely anticipated or already lost, and the offical acts that frustrated the litigation. Christopher v. Harbury, 536 U.S 403, 415-16, 122 S. Ct. 2179, 153 L.Ed 2d 413 (2002)

-BOP Program Statment 1351.05 at 16-17. Provides that although inmates are prohoibited from possessing photo copies of PSI's, they must be provided reasonable opprotunites to review their own PSI. Id. To facilitate access, prison staff should maintain the PSI in the discloseable portion of the inmates central file unless significant saftey and security concerns dictate otherwise,Id.

---

Denial of access to legal documents may constitute a violation of a prisoners first amendment right to petition the courts and/or fourteenth Amendment due proccess rights. Zilich v. Lucht, 981 f.2d 694, 695 (3rd Cir. 1992). In 2013 Plaintiff was incarcerated at USP Atwater. A Federal Bearue of Prisons Institution. He was therefore subject to the FBOP Program Statement. Which states "Federal Presentence Reports (PSR) and statment of reasons (SOR) from judgements in a criminal cases. For safty and security reasons, inmates are prohibited from obtaining or possessing photo copies of thier PSR's, SOR's or other equivalent non-U.S. code sentencing documents (e.g., D.C., state, foreign, military, ect.)" Because "PSR's and SOR's recieved by mail will be treated as contraband, and handled according to the mail management manuel. "[I]nmates violating this provision are subject to disciplinary action." "[S]taff must maintain PSR's as follows:...A PSR prepeared on or after December 1, 1975 is to be placed in the discloseable portion of the inmate Central file. As all federal inmates are entitled under the FoIA to access their own PSR's (see United States Department of Justice

v. Julian, 486 U.S 1 (1988)). Then "[a]n inmate may at anytime request to review all discloseable portions of his or her Inmate Central file by submitting a request to a staff member designated by the Warden, staff are to acknowledge the request and schedule the inmate, as promptly as is practical, for a review of the file at a time which will not disrupt institution operations.

Therefore Plaintiffs only way to review his PSI was through his then Unit team. Although numerous request were made, unit team only produced the 2008 PSI. Even after Plaintiff made unit team aware that he was nmo longer sentenced according to the 2008 PSI. But a PSI drafted by the Probation Office in 2011, a distictively different document. Which was needed to raise claims of Ineffective assistance of counsel and/or failure to object to §3D1.2 adjustment. In his 18 U.S.C §2255 motion. As this is the only document which contains the §3D1.2 grouping enhancement and/ or its impact on plaintiffs sentence. This document was vital to raising a sixth amendment claim. Along with a fifth amendment Due Process claim.

Counsolor Coggins, Case Manager Andrews, and Unit Manager Gardea's refusal to provid Plaintiff with the 2011 PSI to review and make hand wrote notes from. As prescribed by FBOP Program Statement. "[H]indered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S 343

Being court appointed counsels failure to object to the improper application of §3D1.2. Because counsel did not investi investigate Plaintiffs case, as is a professinal norm, Nor object to an improper enhancement. He profferd Plaintiff with defficient preformance Predjudice Plaintiff and violated his sixth and fifth amendment rights.

The [AEDPA] established a one-year period of limitation governing the filing of motions for collateral relief under §2255. This "priviledge of hadeas corpus entitles the prisoner to a meaningful opportunity to demostarte that he is being held pursuant to the erroneous application or interpretation of relevant law; Boumediene v. Bush, 553 U.S 723, 779, 128 S.Ct. 2229, 171 L.Ed 2d 41 (2008) Plaintiffs conviction and sentence

became final May 2012. Thus the AEDPA's one-year statute of limitations began to run then. By not allowing Plaintiff access to the 2011 PSI during this time. Unit team "[A]ctively interfere interfere[d] with inmates attempts to prepare legal documents," Lewis, supra. Although Plaintiff was able to timely file a §2255 motion. Unit teams failure to adhere to the FBOP Program Statment Deprived Plaintiff of access to the only document in his case which reflects the §3D1.2 enhancemnet. This "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S 343. Without the 2011 PSI made available. Plaintiff was left uinawares of counsels failure to object "to an improper application of the sentencing guidlines [which] may amount to ineffective assistance of counsel." United States v. Breckenridge, 93 F3d 132, 136 (4th Cir 1996) A violation of Plaintiffs fifth and sixth amendement rights. Only once transfered to USP Allenwood did Plaintiff gain access to his 2011 PSI. After making staff request to his new unit team. Once noticing the missing PSI Unit Mangager Rodarmel made contact with the district I was sentenced in and obtained a copy of the new PSI and placed it in my file for review. As prescribed by the FBOP Program Statment.  see Exhibit

## RELIEF REQUESTED

For the fore going reasons Plaintiff ask this court award him monetary compensation in the amount of 1,000,000.00 USD (one million United States Dollars). And punitive damages in the same amount. As to eash defendant. As wellas this denial of acces to the courts deemed an extraordinary circumstance for 28 USCS §2241, §2244, §2255 and equitable tolling purposes. Counsel appointed for any other subsequent hearings and any other relief deemed by this honorable court to be apporpriate.

Demetrious Adonis Moore 16135-171
Federal Correctional Complex-- Allenwood Medium
P.O Box 2000
White Deer, PA 17887

RECEI
HARRISB
JAN 13
PER
DEPUT

ALLENW
JAN 08 2020

E ENCLOSE
CIAL
TH
PECT
IBLE
DICT
ERIAL
RIFICATI
RESPO
RESSEE
VE ADDRESS

⇔ 16135-171 ⇔
Clerk Of Courts Office
228 Walnut
P.o Box 983
Harrisburg, PA 17108
United States

LEGAL MAIL

USMS